GLENN AGRE BERGMAN & FUENTES LLP
Lyn R. Agre (SBN 178218)
Ashley Zitrin (SBN 262238)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
azitrin@glennagre.com

M<sup>C</sup>ALLISTER OLIVARIUS
Jan "Honza" Červenka (SBN 344997)
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 433-3456
hcervenka@mcolaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. STELLA SAFO, GERALDINE LLAMES, AMANDA MISITI and DR. EMILIE BRUZELIUS,<br><br>Plaintiffs,<br><br>vs.<br><br>DR. PRABHJOT SINGH, DR. DENNIS S. CHARNEY, BRUNO SILVA, and ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI,<br><br>Defendants. | Misc. Case No.: 3:25-mc-80049<br><br>[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL THE DEPOSITION OF THIRD-PARTY DR. SANDEEP KISHORE**<br>**[FRCP 37]** |

Plaintiffs hereby submit, by and through their undersigned counsel, the following Reply Memorandum of Law in Further Support of Their Motion to Compel the Deposition of Third-Party Sandeep Kishore.

Dr. Kishore, who is engaged in a pattern of avoiding service, disingenuously claims Plaintiffs are at fault for failed service at the "wrong address." Opposition of Dr. Kishore ("Kishore Oppo.") (ECF No. 6) at 2, lns. 9-10. *First*, it is undisputed that (1) Plaintiffs personally served the previous Document Subpoena on Dr. Kishore at the same Foster City address in August 2024, to which he responded, (2) Dr. Kishore's counsel has had actual notice of Plaintiffs' attempts to serve Dr. Kishore with the Deposition Subpoena since October 2024, and (3) Dr. Kishore's counsel broke off communications with Plaintiffs after stating he was going to communicate with his client regarding accepting service of the Deposition Subpoena and revert back to Plaintiffs shortly. Červenka Decl. ISO Pls.' MTC (ECF No. 1-1) Ex. C (ECF No. 1-4). Any failed service here is due to Dr. Kishore and his counsel's deliberate avoidance of the same, as well as their refusal to communicate.

Dr. Kishore concedes that U.S. mail is a suitable means of alternative service in such a circumstance. Kishore Oppo. at 3, ln. 7 (quoting *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012)). He also does not dispute that alternative service by U.S. Mail is permissible where personal service was attempted and failed multiple times, especially when the intended recipient is aware of and is avoiding service, as here. *See e.g.*, *Emcyte Corp. v. Apex Biologix*, LLC, 2021 WL 5507219, at *2 (C.D. Cal. Nov. 24, 2021); *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016); *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015). In the issuing jurisdiction, personal service is not required, and alternative service such as U.S. Mail is appropriate even without failed personal service attempts. *See Ramchandani v. CitiBank Nat'l Ass'n,* 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022) ("[T]he word 'delivering' is not defined. As other courts in the Second Circuit have found, Rule 45 does not require in-hand service nor prohibit alternative means of service.").

*Second*, Plaintiffs also exercised due diligence in attempting personal service at Dr. Kishore's

- 1 -

place of work. These attempts were made at the address listed on Dr. Kishore's UCSF biography webpage. Declaration of Ashley Zitrin ISO Pls.' Reply ("Zitrin Decl.") ¶ 2; *see Emcyte*, LLC, 2021 WL 5507219, at *3; *Chambers*, 2016 WL 9451361, at *2 ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.").

Plaintiffs have continued their diligent attempt to personally serve Dr. Kishore since the filing of the instant Motion to Compel ("MTC"). After Plaintiffs' unsuccessful attempts at personal service at the UCSF address cited on Dr. Kishore's webpage, Plaintiffs attempted service at another UCSF location under the good faith belief that Dr. Kishore's office may have moved to that location. *Id.* ¶ 2. There, the process server was informed that all subpoenas for employees must be processed through UCSF's Office of Risk Management. *Id.* ¶ 3, Ex. A. Plaintiffs sent the subpoena to the Office of Risk Management on March 5, 2025, and was told via a follow up phone call that Dr. Kishore would be assigned counsel to respond. *Id.* ¶ 5. After a week with no further communication, Plaintiffs received an email on March 13, 2025 from UCSF that they had sent Dr. Kishore the subpoena and he may have to retain his own counsel. *Id.* ¶ 5, Ex. B. Plaintiffs received no further communication from that Office.

Dr. Kishore's first message to Plaintiffs since October 2024 was an email on March 14, 2025 from his counsel, Daniel Allender of Robins Kaplan LLP (the same counsel Plaintiffs had been in communication with in October 2024 when they first issued the Deposition Subpoena). *Id.* Ex. C. In the March 14, 2025 email, Mr. Allender instructed Plaintiffs to "please communicate with Breena Kelly and Fahd Riaz at DLA Piper (copied here) to discuss scheduling a deposition." *Id.* Only after Plaintiffs sent two emails to Ms. Kelly and Mr. Riaz did Ms. Kelly inform Plaintiffs that neither she nor Mr. Riaz represents Dr. Kishore, and that Plaintiffs should instead reach out to Mr. Allender, "Dr. Kishore's counsel in this matter." *Id.* Today, just hours before this filing and after further prompting from Plaintiffs, Mr. Allender finally replied, offering dates for Dr. Kishore's deposition, but more than two months away. *Id.* Mr. Allender's feint to DLA Piper, DLA Piper's delayed response, and

1  Mr. Allender's continued gamesmanship with the deposition dates only waste Plaintiffs' and this
2  Court's time for no justifiable reason.
3      Dr. Kishore's avoidant behavior has caused Plaintiffs substantial hardship as the discovery
4  window in the S.D.N.Y. litigation has now closed.[1] Plaintiffs must seek an extension to that discovery,
5  or an exemption for Dr. Kishore's deposition, from the S.D.N.Y., which is an unnecessary burden.
6  As such, Plaintiffs hereby revise their request for relief, asking that this Court order Dr. Kishore to
7  appear for a deposition within ten (10) days from the date of any S.D.N.Y. order allowing Plaintiffs
8  to take Dr. Kishore's deposition. Plaintiffs continue to seek attorney's fees and expenses due to Dr.
9  Kishore failure to comply with the valid Deposition Subpoena, and his and his attorneys' continued
10 refusal to communicate with Plaintiffs, as well as any other relief the Court deems appropriate.
11 Accordingly, Plaintiffs have revised their Proposed Order, enclosed herewith.
12     For the foregoing reasons, Plaintiffs respectfully request that their Motion to Compel be
13 granted.

---

[1] Defendants recently filed a Motion to Transfer Plaintiffs' MTC to the issuing jurisdiction, S.D.N.Y., insinuating that Plaintiffs misled this Court as to the close of discovery in the S.D.N.Y. litigation. Defendants' Motion to Transfer ("Defs.' Mot. to Transfer") (ECF No. 7) at 3, lns. 24-27. In fact, Plaintiffs in good faith believe that Dr. Kishore was properly served via U.S. Mail on October 9, 2024, well prior to the December 20, 2024 cut off in the S.D.N.Y. Order, and Plaintiffs' properly filed this MTC before the close of discovery in the S.D.N.Y. litigation. Pls.' MTC at 4, lns. 21-25; Červenka Decl. ISO MTC ¶ 1. Further, Plaintiffs alerted this Court of the upcoming S.D.N.Y. fact discovery deadline. Pls.' MTC at 2, lns. 10-11. Plaintiffs will respond to Defendants' Motion to Transfer separately, but it is worth noting that (1) Plaintiffs timely filed their MTC appropriately in this Court as the place of subpoena compliance, (2) Plaintiffs intend to seek an extension to the S.D.N.Y. scheduling order in that court, and (3) Defendants failed to meet and confer with Plaintiffs pursuant to Local Rule 37(a)(1) prior to filing their Motion to Transfer, or they too would have been aware of these points rendering their motion moot. Moreover, Dr. Kishore and his counsel Mr. Allender have revealed themselves capable of response; Dr. Kishore consented to Defendants' request to transfer while simultaneously choosing not to communicate with Plaintiffs. *See* Defs. Mot. to Transfer at 3, lns. 8-9.

DATED: March 21, 2025            Respectfully submitted,

By:  *s/ Lyn R. Agre*
Lyn R. Agre (Cal. Bar No. 178218)
Ashley Zitrin (Cal. Bar No. 262238)
Glenn Agre Bergman & Fuentes LLP
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (415) 599-0880
lagre@glennagre.com
azitrin@glennagre.com

Jan "Honza" Červenka (SBN 344997)
McAllister Olivarius
641 Lexington Avenue, 13th Floor
New York, NY 10022
(212) 433-3456
hcervenka@mcolaw.com

*Attorneys for Plaintiffs*

**[PROPOSED] ORDER**

The Court received full briefing on Plaintiffs' Motion to Compel the Deposition of Dr. Kishore on March 21, 2025 and ORDERS as follows:

Dr. Kishore is ordered to appear for deposition within ten (10) days of any Order issued by the Southern District of New York in the underlying litigation allowing Plaintiffs' leave to take his deposition, at a time and place of Plaintiffs' choosing within 100 miles of Dr. Kishore's place of residence or employment;

Dr. Kishore is held in contempt for violating the Deposition Subpoena and must pay to Plaintiffs reasonable expenses and attorney's fees incurred in bringing this motion. Plaintiffs shall file a declaration evidencing such expenses and fees with this Court within ten (10) days of this Order. Dr. Kishore must pay the same to Plaintiffs within ten (10) days of that filing, or file an objection with this Court as to why he should not pay the same. Plaintiffs must file a reply to any objection within five (5) days of the objection.

Any violations of this Order will be met with sanctions.

IT IS SO ORDERED

Dated: _____      _____
                                     UNITED STATES DISTRICT COURT JUDGE

**Certificate of Service**

I hereby certify that on March 21, 2025, I caused to be served the following documents:

    Plaintiffs' Reply to Their Motion to Compel;
    Plaintiffs' Proposed Order Granting the Motion to Compel; and,
    Declaration of Ashley Zitrin in Support of Plaintiffs' Reply to Their Motion to Compel, and Exhibits thereto,

on the following counsel via U.S. Mail and electronic mail:

    Joseph Baumgarten
    Proskauer Rose LLP
    11 Times Square
    New York, NY 10036
    (212) 969-3002
    jbaumgarten@proskauer.com

    David S. Greenhaus
    Jackson Lewis P.C.
    58 South Service Road, Suite 250
    Melville, NY 11747
    (631) 247- 0404
    greenhausd@jacksonlewis.com

    Edna Doris Guerrasio
    Proskauer Rose LLP
    Eleven Times Square
    Ste 2106
    New York, NY 10036
    212-969-3012
    eguerrasio@proskauer.com

    Adam Michael Lupion
    Proskauer Rose LLP
    11 Times Square
    New York, NY 10036
    (212)-969-3358
    alupion@proskauer.com

    Austin McLeod
    Proskauer Rose LLP

1  |  11 Times Square
2  |  New York, NY 10036
   |  804-908-1592
3  |  amcleod@proskauer.com

4

5  |  Daniel L. Allender
   |  Robins Kaplan LLP
6  |  2121 Avenue of the Stars, Suite 2800
   |  Los Angeles, CA 90067
7  |  310-552-0130
   |  DAllender@RobinsKaplan.com
8

9  |  and on the following individual via U.S. Mail:

10 |  Dr. Sandeep Kishore
   |  870 Balboa Lane
11 |  Foster City, CA 94404

12

13 |  Dr. Sandeep Kishore
   |  c/o UCSF Health Risk Management
14 |  1800 Owens St., 4th Flr. Suite C461
   |  Campus Box# 0207
15 |  San Francisco, CA 94143

16

17 |  Dated: March 21, 2025         By:  /s/ *Ashley Zitrin*

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
Misc. Case No.: 3:25-mc-80049
[S.D.N.Y Case No.: 1:19-cv-03779-VSB-JW]